THE DETROIT, HILLSDALE & SOUTHWESTERN RAILROAD COMPANY v. JOSEPH W. SMITH

*Payment—Set-off.*

Payment implies a voluntary act of the debtor looking to the satisfaction, in whole or in part, of the demand against him.

A creditor cannot lawfully pay himself with the debtor's money without the debtor's consent, express or implied ; and when the debtor delivers him money for a purpose which negatives the idea of payment, the creditor's control of it is limited to the purpose declared.

A joint indebtedness cannot be set-off in a suit brought by only one of the debtors.

Error to the Superior Court of Detroit. (Chipman, J.) Jan. 10.—Feb. 27.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Henry M. Cheever* for appellant. A debtor can control the application of moneys turned over by him to the creditor : *Hall v. Marston* 17 Mass. 574 ; *Martin v. Draher* 5 Watts 544 ; *Wetherell v. Joy* 40 Me. 325 ; *M'Neilly v. Richardson* 4 Cow. 607 ; *Smuller v. Union Canal Company* 37

Penn. St. 68; *U. S. Bank v. Macalester* 9 Penn. St. 475; *Eastman v. Hodges* D. Chipman 101.

*John Atkinson* for appellee.

COOLEY, J. Action for money had and received. The receipt of the money by defendant from the plaintiff was admitted on the trial. It appears that defendant at the time was general superintendent of the plaintiff, and also of the Toledo, Ann Arbor & Grand Trunk Railroad under a joint employment by the two railroad companies at a salary of five thousand dollars a year. Each railroad company was to pay one-half the salary. When the money now in contest was transmitted to the defendant, the Toledo Company was behind in its payments, and defendant claimed the right to apply the money upon what was due him for salary, and did so. It was sent to him to pay laborers, but when thus appropriated by defendant, plaintiff made other provision for the laborers, and brought this suit.

The trial judge directed the jury to return a verdict for defendant. This he did on the assumption that the application of the money by the defendant upon his salary was a payment. So it would have been if he had had permisson so to apply it; but he did not. Payment implies a voluntary act of the debtor looking to the satisfaction, in whole or in part, of the demand against him; but in this case there was no such act whatever. What was done by defendant was directly in the face of the plaintiff's orders, who did not contemplate or desire any such payment. A creditor cannot lawfully pay himself with the debtor's money, without the debtor's consent, either express or implied; and when the debtor delivers him money for a purpose which negatives the idea of payment, the creditor's control is limited to the purpose declared. Such was the case here.

It is clear, then, that there was no payment of this money upon defendant's salary. The trial judge was of opinion that under the circumstances there could be no set-off; and in this he was clearly right, for there were two debtors and the money in defendant's hands belonged to one of them

only.    There was no separate debt due from the plaintiff to the defendant.

The judgment must be reversed with costs and a new trial ordered.

· GRAVES, C. J. and MARSTON, J. concurred.