## B. H. WISDOM ET AL. v. SANDFORD WILSON ET AL.

Decided March 12, 1910.

**1.—Appeal—Brief—Assignment of Error—Rules 29 and 30.**

An assignment of error as filed in the trial court contained in the first paragraph explicited complaint that the judgment of the trial court was erroneous, and in subsequent paragraphs or subdivisions stated, in the form of propositions of law, the reasons for the contention. But the assignment as carried into appellant's brief omitted the first paragraph wherein the ruling of the court was explicitly complained of and the brief contained only the abstract propositions of law. Held, the brief did not comply with the requirements of rules 29 and 30 concerning the preparation of briefs, and the assignment was therefore not entitled to consideration.

**2.—Wills—Construction—Executors—Powers.**

A will contained the following provisions: "I give to my executors full and ample power to sell and convey and deliver any and all of my estate, both personal or mixed, and to pass a complete title to the purchasers, and the trust above set out shall apply only to the proceeds." . . . "The time of selling the real estate I may leave is left discretionary with my executors for a period of five years." . . . "As fast as any real estate is sold by them they shall distribute the proceeds at once." . . . "Except as to the real estate, my executors shall settle up and distribute my estate as speedily as they conveniently can, and as fast as any real estate is sold by them they shall distribute the proceeds at once." Held, the executors were vested with power to sell the lands belonging to the estate at any time during five years after their appointment, but not afterwards. It was not the intention of the testator that the executors must sell all the land remaining in their hands after the expiration of five years and divide the proceeds among the beneficiaries named in the will.

**3.—Same—Power to Sell.**

The power to sell is not inherent in the office of trustee; he has such powers only as are conferred by the instrument either expressly or by clear implication. A mere direction to divide property will not confer the power to sell; there must be some duty imposed the performance of which would require a sale.

**4.—Same—Sale by Executors, Invalid.**

A sale of land by executors considered and held invalid and unauthorized by the will under which they acted when construed as a whole.

**5.—Same—Agency—Sale on Credit.**

The power to sell land does not of itself imply authority to sell on credit; the presumption is that the sale is to be made for cash. But when the agent is authorized to sell on such terms as to him shall seem meet, he may grant a reasonable credit. A will construed as a whole, and held not to confer power upon the executors to sell land of the estate for one-fifth cash and the balance on credit, with the last payment maturing four years after date of sale.

**6.—Administrator—Right to Sue.**

After the appointment of an administrator with the will annexed he would have the exclusive right as against the legatees and devisees to sue for the recovery of property belonging to the estate.

**7.—Executors—Resignation—Termination of Power.**

It seems that the mere filing of an application by executors to resign their trust would not divest them of their powers as executors; such effect would only be produced when the court had granted the application.

Vol. LIX Civil—38.

Appeal from the District Court of Archer County. Tried below before Hon. A. H. Carrigan.

*C. K. Bell,* for appellants.—In the absence of some power conferred by a will, executors thereof or trustees created thereby have no power to sell the real property belonging to the estate. Blanton v. Mayes, 58 Texas, 422; Freeman v. Tinsley, 40 S. W., 835; Bartley v. Harris, 70 Texas, 181; Grimes v. Smith, 70 Texas, 217; Williams v. San Saba County, 59 Texas, 442; Terrell v. McGowan, 91 Texas, 254; Beach on Trusts & Trustees, secs. 449, 464; 28 Am. & Eng. Enc. Law, 1003; Rankin v. Rankin, 87 Am. Dec., 210, note; 18 Cyc., 317.

Where the objects for the accomplishment of which executors or trustees are authorized to sell real estate are at an end, the power to make such sale ceases, and when the purposes for which the estate was created are satisfied, the estate of the executors or trustees ceases to exist and their title becomes extinct. Moore v. Waco, 85 Texas, 206; Brown v. Harris, 7 Texas Civ. App., 665; Freeman v. Tinsley, 40 S. W., 835; Webster v. Cooper, 14 Howard, 499; Young v. Bradley, 101 U. S., 782; Beach on Trusts and Trustees, secs. 557, 560, 679; Stroup v. Stroup, 27 L. R. A., 523; Little v. Duncan, 64 Am. Dec., 762; Glover v. Stamps, 54 Am. Rep., 870; Miller v. Bingham, 36 Am. Dec., 58.

Where the instrument of creation places a definite limit upon the duration of the trust it will end at the end of that time. Daley's Lessee v. James, 8 Wheaton, 495; Wilkinson v. Buist, 10 Am. St. Rep., 580; Anderson v. Messinger, 7 L. R. A., N. S., 1108; Beach on Trusts and Trustees, 438; 22 Am. & Eng. Ency. Law, 1120, 1124; 28 Am. & Eng. Ency. Law, 949.

Where a trust is brought under the control of the court by the institution of a suit for a settlement, or where the executors or trustees have filed their resignations, the power of the executors or trustees to make the sale conferred by the instrument of creation is so far suspended that a sale of the trust property can not be made without the order or permission of the court. Beach on Trusts and Trustees, sec. 473.

An agent as an executor or trustee must strictly observe and conform to the powers conferred upon him, and where he is simply authorized to sell, he must sell for cash and has no power to sell on credit. Colvin v. Blanchard, 101 Texas, 231; 28 Am. & Eng. Ency. Law, 998; Mechem on Agencies, sec. 325; Lumpkin v. Wilson, 5 Heiskell (Tenn.), 555; Perry on Trusts, sec. 786a; Heath v. Lane, 62 Texas, 693; Rogers v. Jones, 13 Texas Civ. App., 453.

One whose property has been conveyed without authority is under no obligation to restore a consideration paid to the third party who was not entitled to receive it, and which has never reached him. Vogelsang v. Null, 67 Texas, 468; Bullock v. Sprowls, 93 Texas, 190; Mills v. Herndon, 60 Texas, 355; Webster v. Clark, 100 Texas, 335; 11 Am. & Eng. Ency. Law, 780; Taber v. Interstate B. & L. Assn., 91 Texas, 92.

Where the objects for the accomplishment of which the legal title to an estate is vested in executors or trustees are at an end, the estate

at once vests in the cestui que trust, and when the purposes for which the legal estate was vested in executors or trustees are satisfied, the title of the executors or trustees ceases and the legal title becomes at once vested in the beneficiaries. Beach on Trusts and Trustees, art. 410.

When the trustees refuse or neglect to bring a suit for the quieting of the title, it may be brought by the beneficiaries. Beach on Trusts and Trustees, art. 714; Bowdoin College v. Merritt, 54 Fed., 55.

A suit to annul a sale made by an executor, which for any cause was voidable, could not be maintained by an administrator de bonis non, but could only be maintained by the eventual owner of the property. McDonald v. Alford, 32 Texas, 36; Brown v. Franklin, 44 Texas, 564.

An administrator de bonis non with the will annexed has the power under the laws of Texas to maintain a proceeding to set aside a sale which for any cause was improperly made by a former executor. Todd v. Willis, 66 Texas, 704; Williams v. Verne, 68 Texas, 416; Willis v. Ferguson, 46 Texas, 504; Willis v. Ferguson, 59 Texas, 172; Roy v. Whitaker, 92 Texas, 353.

*W. E. Forgy* and *Stephens & Miller,* for appellee.—By the will of B. H. Wisdom, deceased, the title to the whole of his estate, including the property in controversy herein, was vested in George C. Wallace and William E. Cave, trustees, and the children and grandchild of said B. H. Wisdom, deceased, did not take said property, but were only entitled to the proceeds thereof. Prather v. McClelland, 76 Texas, 574; Bank of U. S. v. Benning, F. C. No. 908; Herring v. Patten, 18 Texas Civ. App., 147; Wood v. McClelland, 53 S. W., 381; McClelland v. McClelland, 37 S. W., 350; Collins v. McCarty, 68 Texas, 150; Matthews v. Darnell, 27 Texas Civ. App., 181; Wallace v. Campbell, 53 Texas, 234; Nichols v. Eaton, 91 U. S., 716; Broadway Natl. Bank v. Adams, 133 Mass., 170; Barnett's Appeal, 86 Am. Dec., 502.

The trust created by the will of B. H. Wisdom is an active and not a passive trust, and therefore the title to the property left by him at his death passed to the trustees and not to the cestuis que trust. Dulin v. Moore, 96 Texas, 135; Norton v. Leonard, 12 Pick., 152; Newhall v. Wheeler, 7 Mass., 189; Chapin v. Universalist Soc., 8 Gray, 580; Exeter v. Odiorne, 1 N. H., 232; Wright v. Pearson, 1 Eden's Ch., 125; Striker v. Mott, 22 Am. Dec., 646; Wood v. Wood, 5 Paige, 596; Neilson v. Lagow, 12 How., 110; Kirkland v. Cox, 94 Ill., 400.

Since the legal title to the land in controversy herein was in the trustees and has never been conveyed to Mrs. Belle Wisdom Bronston and B. H. Wisdom, Jr., they can not maintain this suit. Kirkland v. Cox, 94 Ill., 416; Chapin v. Universalist Soc., 8 Gray, 580.

Under the will of B. H. Wisdom, deceased, the trust therein and thereby created existed until a sale of all said estate was effected and the proceeds thereof distributed. Potter v. Couch, 141 U. S., 296; Rogers v. Jones, 13 Texas Civ. App., 453.

Inasmuch as by the terms of the will of B. H. Wisdom, deceased,

George C. Wallace and William E. Cave, who qualified as his executors, were made trustees and the title to said estate became vested in them, and inasmuch as by the terms of said will said trust was to continue until all of the property belonging to said estate was sold and the proceeds thereof distributed, the sale made by said trustees to Sandford Wilson in July, 1906, was neither voidable nor void, even though a part of the consideration thereof was four promissory notes which were secured by the vendor's lien upon the land in controversy. Rogers v. Jones, 13 Texas Civ. App., 453.

Inasmuch as in making the sale to appellee Sandford Wilson, George C. Wallace and William E. Cave, trustees under the will of B. H. Wisdom, deceased, acted as the holders of the title to the property conveyed and not as donees of a power to sell, it was necessary for them to take out ancillary letters of administration in Texas. Leggett v. Perkins, 2 N. Y., 297; Leggett v. Hunter, 19 N. Y., 453; Lovelady v. Davis, 33 Miss., 577.

DUNKLIN, ASSOCIATE JUSTICE.—B. H. Wisdom and Mrs. Belle Wisdom Bronston instituted this suit as devisees under the will of B. H. Wisdom, deceased, to recover two tracts of land situated in Archer County. B. H. Wisdom in the capacity of administrator with the will annexed of the estate of B. H. Wisdom, deceased, also intervened and asked the same relief prayed for by plaintiffs. George C. Wallace and W. E. Cave, acting as executors of the will, had executed a deed purporting to convey the property in controversy to Sandford Wilson. Other beneficiaries under the will were made parties defendants with Sandford Wilson. From a judgment in favor of Sandford Wilson plaintiffs and the intervener have appealed.

Appellee Wilson objects to the consideration of appellant's first assignment of error as copied in appellants' brief, because the same contains a statement of propositions of law without showing any ruling of the trial court upon any question and without challenging the correctness of any decision of the court. The following appears in appellants' brief:

"Appellants first assignment of error.—The attempted sale of the land by Wallace and Cave to the defendant, Sandford Wilson, was voidable, if not void, because:

"(a) No power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased.

"(b) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, the duration of the time within which they were authorized to make such sale was limited to a period of five years from the probate of such will, and the attempted sale to the defendant, Sandford Wilson, was made after the expiration of such time.

"(c) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, such power had terminated before the attempted sale to the defendant Sandford Wilson was made, since all of the debts due by B. H. Wisdom, deceased, at the time of his death, had been paid off and discharged, and since the

plaintiff, B. H. Wisdom, had come of age prior to the time of such attempted sale.

"(d) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, such power had terminated before the attempted sale to the defendant, Sandford Wilson, was made, since they had resigned their position as executors or trustees (if they were ever such) and had tendered to the court their account in settlement of their executorship or trusteeship.

"(e) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, they were only authorized to sell the real estate left by the said B. H. Wisdom, deceased, for cash, whereas they attempted to sell the said property partly for cash and partly on time."

The transcript shows the following as the assignments of error filed by plaintiffs and the intervener in the trial court:

"Come now the plaintiffs in the above entitled cause and file the following assignments of error upon which they rely in the prosecution of their appeal therein and say that the undisputed evidence having shown that the land in controversy belonged to B. H. Wisdom, deceased, at the time of his death, and that plaintiffs were heirs at law of and beneficiaries under the will of said B. H. Wisdom, they were entitled to recover the land sued for, and that the judgment rendered in the said case in favor of the defendants and in refusing plaintiffs the relief which they sought, was erroneous and against their just rights for the following reasons:

"(1) The attempted sale of the land by Wallace and Cave to the defendant, Sandford Wilson, was voidable, if not void, because:

"(a) No power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased.

"(b) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, the duration of time within which they were authorized to make such sale was limited to a period of five years from the probate of such will, and the attempted sale to the defendant, Sandford Wilson, was made after the expiration of such time.

"(c) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, such power had terminated before the attempted sale to the defendant, Sandford Wilson, was made, since all of the debts due by B. H. Wisdom, deceased, at the time of his death had been paid off and discharged, and since the plaintiff, B. H. Wisdom, had come of age prior to the time of such attempted sale.

"(d) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, such power had terminated before the attempted sale to the defendant, Sandford Wilson, was made, since they had resigned their position as executors or trustees (if they were ever such) and had tendered to the court their account in settlement of their executorship or trusteeship.

"(e) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, they were only authorized to sell the real estate left by the said B. H. Wisdom, deceased, for cash,

whereas they attempted to sell the said property partly for cash and partly on time.

"2. The plaintiffs had never received any of the proceeds derived from the attempted sale of the said property, and refused to ratify or in any way be bound by such attempted sale.

"3. The plaintiffs being heirs at law of and beneficiaries under the will of B. H. Wisdom, deceased, were entitled to maintain an action for and recover the land sued for either absolutely or on such conditions as the court might properly impose if the pretended sale of it to the defendant, Sandford Wilson, was void or voidable:

"(a) Because the will of the testator, B. H. Wisdom, deceased, vested the legal title to the property sued for in the beneficiaries under his will.

"(b) Because if the legal title to the property sued for had been vested by the will of B. H. Wisdom, deceased, in Geo. C. Wallace and W. E. Cave, either as executors or trustees, they had ceased to hold the same as such executors or trustees since, if they had been the executors or trustees of an active trust, the trust created had been accomplished and nothing further remained to be done by the trustees and the trust had thereby become dry and the legal title to the property sued for had vested in the beneficiaries in said will.

"(c) Because Geo. C. Wallace and W. E. Cave as executors or trustees (as the case may have been) having attempted to convey the property, they could not call in question the regularity of their own acts and, therefore, the *cestui qui trusts* were authorized to act in their own behalf and for the protection of their eventual interests.

"(d) Because Geo. C. Wallace and W. E. Cave as executors or trustees (as the case may have been) having resigned their said executorship or trusteeship, could not maintain an action for the purpose sought to be accomplished by this suit and, there being no administration upon the estate, the beneficiaries under the will were entitled to institute and maintain such suit.

"(e) Because under the laws of the State of Texas plaintiffs, if they did not hold the legal title to the property sued for, could as the *cestui qui trusts* for whom the legal title in said property was held, maintain an action for the purpose of having the pretended purchaser thereof declared to hold the same as the trustee for the beneficiaries under the will of the former owner thereof.

"(f) Because Geo. C. Wallace and W. E. Cave as executors or trustees, as the case may have been, having neglected to institute a suit for the purpose of removing the cloud upon the title of the property which was the subject matter of the litigation in this case occasioned through the attempted transfer by them of the same to the defendant, Sandford Wilson, they, as the beneficial owners of the property, were entitled to institute and maintain a suit for that purpose.

"(g) Because if Geo. C. Wallace and W. E. Cave had authority to sell the land, and if their attempt to do so was only voidable, the beneficiaries under the will of B. H. Wisdom, deceased, would alone have the right to maintain a suit for the purpose of having the transaction declared voidable."

"Comes now the intervener in the above entitled cause and files the following assignments of error upon which he relies in the prosecution of his appeal therein, and says that the undisputed evidence having shown that the land in controversy belonged to B. H. Wisdom, deceased, at the time of his death, and that intervener had been regularly appointed by the County Court of Brazoria County, Texas, administrator with the will annexed of the estate of B. H. Wisdom, deceased, and that he had duly qualified and at the time of the trial was acting as such, he was entitled to recover the land sued for, and that the judgment rendered in the said case in favor of the defendants, and in refusing intervener as the administrator with the will annexed of the estate of B. H. Wisdom, deceased, the relief which he sought, was erroneous and against his just rights for the following reasons:

"(1) The attempted sale of the land by Wallace and Cave to the defendant, Sandford Wilson, was voidable, if not void, because:'

"(a) No power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased.

"(b) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, the duration of time within which they were authorized to make such sale was limited to a period of five years from the probate of such will, and the attempted sale to the defendant, Sandford Wilson, was made after the expiration of such time.

"(c) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, such power had terminated before the attempted sale to the defendant, Sandford Wilson, was made, since all of the debts due by B. H. Wisdom, deceased, at the time of his death had been paid off and discharged and since the plaintiff, B. H. Wisdom, had come of age prior to the time of such attempted sale.

"(d) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, such power had terminated before the attempted sale to the defendant, Sandford Wilson, was made, since they had resigned their position as executors or trustees, if they were ever such, and had tendered to the court their account in settlement of their executorship or trusteeship.

"(e) If power of sale was conferred upon Wallace and Cave by the will of B. H. Wisdom, deceased, they were only authorized to sell the real estate left by the said B. H. Wisdom, deceased, for cash, whereas they attempted to sell the said property partly for cash and partly on time.

"2. The intervener, being administrator with the will annexed of the estate of B. H. Wisdom, deceased, was entitled to maintain an action for and to recover the land sued for, either absolutely or on such conditions as the court might properly impose, if the pretended sale of it to the defendant, Sandford Wilson, was void or voidable, and to have the pretended sale set aside and the land restored to him as such administrator to be administered under an order of court in due course of administration."

Rules 29 and 30, governing parties in the preparation of briefs for Courts of Civil Appeals (94 Texas, 659), read as follows:

"29. The appellant, or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on in accordance with and confined to the distinct specifications of error (which assignments shall be copied in the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being separately presented under the proper assignment; and each assignment not so copied and accompanied with its appropriate propositions and statements, shall be regarded as abandoned. The assignments as presented in the brief shall be numbered from the first to the last in their consecutive order; but it is not required that they shall be presented in the order in which they appear in the original assignment of errors filed in the office of the clerk of the trial court, and the numbers of such original assignments may be disregarded.

"30. The appellant or plaintiff in error in preparing his brief shall make a preliminary statement in general terms of the nature and result of the suit, such, for example, as the following: 'This was an action of trespass to try title, which was brought by the appellant against the appellee and in which judgment was rendered for the defendant.' This may, at the option of counsel for the appellant or plaintiff in error, be followed by a brief statement of the case and such other matters as may be deemed proper as an introduction to the assignments of error. Then shall follow the assignments. Each point under each assignment shall be stated as a proposition unless the assignment itself may sufficiently disclose the point, in which event it shall be sufficient to copy the assignment."

By reference to the above it will be noted that but one assignment was filed by plaintiffs in the court below, in the first paragraph of which complaint is made that the judgment rendered was erroneous, and the reasons stated for that contention are set out in subsequent paragraphs and subdivisions of the document in the form of propositions of law. The first assignment as copied in appellants' brief and shown above is a copy of some of those propositions of law, but the first paragraph of the assignment, wherein the ruling of the court assailed is stated, is not copied, and only by reference to the transcript can it be ascertained what ruling of the court we are called on to revise. This is clearly in violation of the rules, and the first assignment of error appearing in appellants' brief can not be considered. Stephenville Oil Mill v. James McNeill et al., 57 Texas Civ. App., 252, also opinion on resubmission of same case rendered October 23, 1909.

The remaining assignments appearing in appellants' brief are as follows:

"Third assignment of error by appellants, Mrs. Belle Wisdom Bronston and B. H. Wisdom.—The plaintiffs being heirs at law of and beneficiaries under the will of B. H. Wisdom, deceased, were entitled to maintain an action for and recover the land sued for either absolutely or on such conditions as the court might properly

impose if the pretended sale of it to the defendant, Sandford Wilson, was void or voidable:

"(a) Because the will of the testator, B. H. Wisdom, deceased, vested the legal title to the property sued for in the beneficiaries under his will.

"(b) Because if the legal title to the property sued for had been vested by the will of B. H. Wisdom, deceased, in Geo. C. Wallace and W. E. Cave, either as executors or trustees, they had ceased to hold the same as such executors or trustees, since, if they had been the executors or trustees of an active trust, the trust created had been accomplished and nothing further remained to be done by the trustees, and the trust had thereby become dry and the legal title to the property sued for had vested in the beneficiaries in said will.

"(c) Because George C. Wallace and W. E. Cave, as executors or trustees (as the case may have been), having attempted to convey the property, they could not call in question the regularity of their own acts and, therefore, the *cestui qui trusts* were authorized to act in their own behalf and for the protection of their eventual interests.

"(d) Because George C. Wallace and W. E. Cave, as executors or trustees (as the case may have been), having resigned their said executorship or trusteeship, could not maintain an action for the purpose sought to be accomplished by this suit and, there being no administration upon the estate, the beneficiaries under the will were entitled to institute and maintain such suit.

"(e) Because, under the laws of the State of Texas, plaintiffs, if they did not hold the legal title to the property sued for, could, as the *cestui qui trusts* for whom the legal title in said property was held, maintain an action for the purpose of having the pretended purchaser thereof declared to hold the same as the trustee for the beneficiaries under the will of the former owner thereof.

"(f) Because George C. Wallace and W. E. Cave, as executors or trustees, as the case may have been, having neglected to institute a suit for the purpose of removing the cloud upon the title of the property which was the subject matter of the litigation in this case, occasioned through the attempted transfer by them of the same to the defendant, Sandford Wilson, they, as the beneficial owners of the property, were entitled to institute and maintain a suit for that purpose.

"(g) Because, if George C. Wallace and W. E. Cave had authority to sell the land, and if their attempt to do so was only voidable, the beneficiaries under the will of B. H. Wisdom, deceased, would alone have the right to maintain a suit for the purpose of having the transaction declared voidable."

"Second assignment of error by the appellant, B. H. Wisdom, administrator with the will annexed of the estate of B. H. Wisdom, deceased.—The intervener, being administrator with the will annexed of the estate of B. H. Wisdom, deceased, was entitled to maintain an action for and to recover the land sued for, either absolutely or on such conditions as the court might properly impose, if the pretended sale of it to the defendant, Sandford Wilson, was void or voidable, and to have the pretended sale set aside and the land re-

stored to him as such administrator to be administered under an order of court in due course of administration."

It will be noted that both these assignments are likewise merely copies of propositions of law contained in the original assignments filed in the court below, and fail to show any ruling of the court to which those propositions relate. For the reasons given above, these assignments can not be considered.

No other assignments appearing in appellants' brief, and the record showing no fundamental error requiring a reversal, the judgment of the trial court is affirmed.

### OPINION ON REHEARING.

On October 30, 1909, the judgment of the trial court in this case was affirmed because appellants' assignments of error were not presented in accordance with the rules prescribed for briefing, but afterwards a rehearing was granted and appellants given leave to file corrected briefs, which they have done.

B. H. Wisdom, a resident of McCracken County, Kentucky, died during the year 1896, leaving the following as his last will and testament:

"I, B. H. Wisdom, being of sound mind and disposing memory, do make and declare this to be my last will and testament.

"First. I devise all my estate, real, personal and mixed, wherever situated, to my executors hereinafter named, or to the one of them who may qualify as such, but in trust, however, and for the use and benefit and enjoyment of my three children and the descendant of my son, who is now deceased, each child or the descendant shall have an undivided one-fourth interest in the above devised property.

"Second. I give to my executors full and ample power to sell and convey and deliver any and all of my estate, both personal or mixed, and to pass a complete title to the purchasers; and the trust above set out shall apply only to the proceeds. But the purchaser or purchasers shall not be required to see to the application of the purchase money. The time of selling the real estate I may leave is left discretionary with my executors for a period of five years.

"Third. Except as to the real estate, my executors shall settle up and distribute my estate as speedily as they conveniently can, and as fast as any real estate is sold by them they shall distribute the proceeds at once.

"Fourth. The share of my grandson, Henry, his father and mother being dead, shall be held by my executors in trust for him until he shall arrive at the age of twenty-one years, and they shall pay to his guardian in the meantime a sufficient amount to maintain him and give him an education. If he should die before arriving at his majority his share of the estate shall pass to my surviving children or their descendants.

"Fifth. I direct that no inventory of my estate shall be filed in the County Court by my executors.

"Sixth. I appoint George C. Wallace and William E. Cave my

executors and request the County Court not to require of them or either of them any security as such executors.

"In witness whereof, I have signed my name this 2d day of June, 1896, in the presence of H. C. Overby and Henry Burnett, witnesses, who have also signed their names in my presence, and in the presence of each other.

"B. H. Wisdom.

"H. C. Overbey,
"Henry Burnett."

On the 9th day of November, 1896, the County Court of McCracken County duly probated the will and appointed George C. Wallace and W. E. Cave executors thereof, and the appointees duly qualified as such. The will was also probated in the County Court of Brazoria County, Texas, in 1897, but there was no appointment nor qualification of Wallace and Cave as executors in that court. The executors then took charge of the estate of the testator and continued to act as such until November 1, 1906, when the court who appointed them granted their application, theretofore filed in that court, to be relieved from further duties as executors, and appointed the Lexington Banking & Trust Company, of Fayette County, Kentucky, administrator of the estate of the testator with the will annexed.

The estate appears to have been large, consisting, in part, of several tracts of land situated in different counties in Texas and property in other States. During the summer of 1906, the executors agreed to sell to Sandford Wilson two tracts of land situated in Archer County, Texas, and aggregating eight hundred and fourteen acres, for an agreed consideration of four thousand and seventy dollars, one-fifth of which was to be cash and the balance in four equal instalments due, respectively, one, two, three and four years after date of the conveyance. On October 17, 1906, Wallace and Cave as executors of the estate executed and acknowledged a deed purporting to convey the land to Sandford Wilson, and sent the same to their agent in Texas, who there delivered it to Wilson, and the instrument was filed for record in Archer County, Texas, November 5, 1906. The deed recited the consideration previously agreed upon, and the cash payment together with the vendor's lien notes for the deferred payments, duly signed by Sandford Wilson, were forwarded to Wallace and Cave in Kentucky, but the same were not received by them until November 9, 1906, after their resignations had been accepted by the court and the Lexington Bank & Trust Company had been appointed administrator. Upon receipt thereof Wallace and Cave delivered the money and notes to the administrator.

B. H. Wisdom, a grandson, and Mrs. Belle Wisdom Bronston, a daughter of B. H. Wisdom, deceased, both beneficiaries of the will, instituted this suit to recover for each an undivided one-fourth interest in the land described in the deed of conveyance from the executors to Sandford Wilson, and for a cancellation of the deed. The facts above recited were alleged in their petition. Plaintiffs further alleged that long prior to the execution of the deed all the debts owing by B. H. Wisdom had been paid, and all the purposes

for which the trust created by the will in favor of Wallace and Cave had been fully accomplished, and the powers vested in the executors to sell property belonging to the estate terminated, and that therefore the conveyance made by them to Sandford Wilson was void. The following were made defendants in the suit: Sandford Wilson, H. D. Wilson, May Wallace, daughter of the testator and one of the beneficiaries in the will, and her husband, George C. Wallace, one of the executors, W. E. Cave, another executor, and the following named children of Nellie Cave, daughter and devisee of the testator and wife of W. E. Cave, she having died since the death of her father, namely, Belle Cave, Henry Cave, Mary Cave, Edward Cave, Nellie Cave, and Jack Cave, also the Lexington Banking & Trust Company, whose appointment as administrator was alleged. All the defendants except Sandford Wilson and H. D. Wilson were alleged to be residents of McCracken County, Kentucky. All the children of Nellie Cave, deceased, except Belle Cave, were minors without guardians, and the trial court appointed guardians *ad litem* to represent them in the suit.

After the institution of this suit and during the month of April, 1908, plaintiff B. H. Wisdom was appointed administrator with the will annexed of that portion of the estate of B. H. Wisdom, deceased, situated in Texas, the appointment being made by the County Court of Brazoria County, Texas, and the appointee duly qualified as such administrator. In his capacity as such administrator B. H. Wisdom then filed a plea of intervention in this suit, seeking a recovery of the land in controversy and a cancellation of the deed to Sandford Wilson, and in which he made substantially the same allegations of fact as were made in plaintiffs' petition and claimed a want of lawful authority in the executors to make the deed for the same reasons alleged by plaintiffs in their petition.

The record fails to show any written pleadings by defendants George C. Wallace and his wife, Mary Wallace, but all other defendants filed answers. The defendant Sandford Wilson filed pleas of general denial and not guilty. The Lexington Banking & Trust Company filed a general denial and a special answer claiming that the sale was authorized by the terms of the will, and W. E. Cave filed a general denial. Belle Cave, joined by her brothers and sisters, filed an answer alleging that they were heirs of Nellie Cave, deceased, that they had never ratified the sale in question, and prayed for judgment for an undivided one-fourth interest in the land in the event the court should decree a cancellation of the deed to Sandford Wilson. Plaintiffs and intervener dismissed as to defendant H. D. Wilson. Judgment was rendered in favor of Sandford Wilson for the land, and plaintiffs and intervener have appealed. The case was tried by the court without a jury, and the trial judge filed no conclusions of fact and law.

"It is well settled that the primary rule in the construction of wills is to ascertain and follow the intention of the testator." Blanton v. Mayes, 58 Texas, 424.

"A devise to the trustees and their heirs to the uses mentioned carries the legal estate to the *cestuis que use,* unless the will has

imposed on the trustees some duty, the performance of which requires the legal estate to be vested in them. And in that case they would take an estate commensurate with the exigencies of their trust." Webster v. Cooper, 14 How., 499.

"It is well settled that where no intention to the contrary appears, the language used in creating the estate will be limited and restrained to the purposes of its creation, and when they are satisfied, the estate of the trustee ceases to exist and his title becomes extinct. The extent and duration of the estate are measured by the objects of its creation." Young v. Bradley, 101 U. S., 782, quoting with approval from Doe v. Considine, 6 Wall., 458 (73 U. S., 869).

"No particular form of words is necessary to create a power of sale. Any words which show an intention to create such power, or any form of instrument which imposes duties upon a trustee that he can not perform without a sale, will necessarily create a power of sale in the trustee." 2 Perry on Trusts, sec. 766.

As we interpret the briefs filed in this case, the correctness of the foregoing general statements of legal principles is not questioned by counsel for either appellants or appellees.

We think it clear that by the terms of the will the legal title to all the estate, real as well as personal, was vested in the executors in trust for the purposes and uses therein stated. By the language, "The time of selling the real estate I may leave is left discretionary with my executors for a period of five years," and "as fast as any real estate is sold by them they shall distribute the proceeds at once," the executors were vested with power for five years after their appointment to sell any and all real estate belonging to the testator at the date of his death, whether or not such sales were necessary to pay indebtedness against the estate. Appellees contend that by the terms of the will the duty was imposed upon the executors named to sell all the real estate remaining in their hands after the expiration of five years and after payment of debts, and to divide the proceeds among the beneficiaries named in the will. Differently stated, appellee insists that the intention of the testator as expressed in the will was that no title to any of his real estate should vest in the beneficiaries named in the will, but that they should receive only the proceeds of the sale thereof by the executors. In support of this contention the following provisions of the will are cited: "I give to my executors full and ample power to sell and convey and deliver any and all of my estate, both personal or mixed, and to pass a complete title to the purchasers, and the trust above set out shall apply only to the proceeds. . . ." "The time of selling the real estate I may leave is left discretionary with my executors for a period of five years. . . ." "And as fast as any real estate is sold by them they shall distribute the proceeds at once. . . ." "Except as to the real estate, my executors shall settle up and distribute my estate as speedily as they conveniently can, and as fast as any real estate is sold by them they shall distribute the proceeds at once. . . ."

Appellee insists that as the testator failed to specifically direct a distribution of any of his property in kind, the language so quoted

from the will when read in connection with the first paragraph vesting the legal title in the executors, and the language used in the fourth paragraph requiring the share of the grandson to be held until he reaches the age of twenty-one years and providing that his share of the estate should pass to the other beneficiaries in the event of his death during minority, indicates an intention on the part of the testator that it should be discretionary with the executors for five years after their qualification to sell or to hold the real estate, but that after the expiration of that period it should be their duty to sell the real estate left on hand and distribute the proceeds among the beneficiaries in accordance with their interests as fixed by his will. In support of that contention, appellee cites McClelland v. McClelland, 37 S. W., 350; Prather v. McClelland, 76 Texas, 574; Wood v. McClelland, 53 S. W., 381; Blanton v. Mayes, 58 Texas, 429; Potter v. Couch, 141 U. S., 296; Kirkland v. Cox, 94 Ill., 400, and other authorities.

In all the decisions relied on by appellee, the rule that the intention of the testator, must govern was recognized and given effect, as must be done in this case. In the first paragraph of. the will all the testator's estate, "real, personal and mixed," is devised and bequeathed to the executors in trust for the use, benefit and enjoyment of his three children then living and the descendant of his deceased son, and that paragraph concludes with the following language: "Each child or the descendant shall have an undivided one-fourth interest in the above devised property." Nothing is there said of proceeds of the sale of any property, but it is expressly stated that the interest devised to each beneficiary is an undivided interest in all the "property" owned by the testator. It is evident that the testator understood that the language used in the first paragraph had the legal effect to vest title to the property devised in the beneficiaries named, subject only to the power expressly given the executors in subsequent paragraphs to sell it, because in the second paragraph it was provided that in case of sale by the executors of personal or mixed property then "the trust above set out shall apply only to the proceeds." It is well settled that the power of sale is not inherent in the office of a trustee, but that he has such powers only as are conferred by the instrument either expressly or by clear implication. 31 Cyc., 1043-1053; Beach on Trusts and Trustees, 557; 2 Perry on Trusts, sec. 764; Young v. Bradley, 101 U. S., 782; Comby v. McMichael, 19 Ala., 747. In 2 Perry on Trusts, section 766, the author, after announcing the rule that a power to sell will be implied when a duty is imposed the performance of which will require a sale, says: "A mere direction to divide is not enough; there must be some active duty to perform." . . .

If the second, third and fourth paragraphs had been omitted, then the trust created by the first paragraph would have been a simple or dry trust only and the title of the beneficiaries to the estate would have been free from any power in the trustees to sell it. (Moore v. Waco, 85 Texas, 206; Brown v. Harris, 7 Texas Civ. App., 664, 27 S. W., 45; 2 Perry on Trusts, sec. 520.) The will was made solely for the benefit of the testator's three daughters and his

grandson, and only such powers of sale were conferred upon the executors as were necessary to enable them to discharge the duties imposed upon them by the terms of the will. It is important then to determine the character and scope of the duties of the executors as fixed by the terms of the will. The only duties expressly enjoined upon them were that they should settle the testator's debts and distribute his entire estate, except real estate, as speedily as practicable; that as fast as any real estate should be sold the proceeds of such sales should be distributed at once; that the share of the estate devised to the testator's grandson should be held for him until he should arrive at the age of twenty-one years, and that during his minority the executors should pay to his guardian a sufficient amount to maintain and educate him. If the sale of real estate was not necessary to pay the testator's debts, nor to maintain and educate his grandson, nor for an equitable partition thereof among the beneficiaries, then the only duty imposed upon the executors to sell real estate was the implied duty to do so if in their discretion they should deem such sales to be advantageous to the beneficiaries named in the will, but the discretion to sell real estate was not expressly given for a longer period than five years.

The record shows that B. H. Wisdom, Jr., the grandson of the testator and one of the beneficiaries in the will, arrived at the age of twenty-one years on July 24, 1904; that long prior to the sale of the land to Wilson in 1906 all the debts owing by the testator had been paid, and more than one hundred thousand dollars of proceeds arising from the sale of property belonging to the estate by the executors had been distributed to the beneficiaries named in the will. The executors had no order from any court directing the sale of the property in controversy and made no claim that a sale was necessary in order to equitably divide the property among the beneficiaries. They construed the will as appellee herein construes it, and sold the property for no other reason than they believed that by the terms of the will they were given the discretion to sell or not sell real estate for a period of five years from the date of their appointment, but that after the expiration of that period they were compelled to do so. The record does not show any distribution of the consideration paid by defendant Wilson for the land in controversy among the beneficiaries of the will, and fails to show that the executors were ever granted letters testamentary or of administration upon the estate by any court in Texas. To hold that by reason of the language used in the will, "The time of selling the real estate I may leave is left discretionary with my executors for a period of five years," in connection with other terms of the will, implies an intention on the part of the testator to impose upon the executors the duty to sell all real estate on hand after the expiration of five years and distribute only the proceeds thereof among the beneficiaries and to sustain the sale to Sandford Wilson upon that conclusion, would be to hold that the terms of the first paragraph of the will, vesting title to the entire estate in the beneficiaries therein named subject to the discretionary powers expressly conferred upon the executors to sell within a period of five years, could not, in any event, be given the

meaning which they plainly import. As announced by our Supreme Court in Moore v. Waco, 85 Texas, 211, "The governing rule in the construction of written instruments is 'that every part of the instrument should be harmonized and given effect to if it can be done. Hancock v. Butler, 21 Texas, 806.'" In no part of the will did the testator expressly direct the executors to sell real estate not required to pay debts and on hand after the period of five years, nor did he expressly impose any duty upon them the performance of which would require such sales. If the testator intended to impose upon the executors the duty to sell all real estate at all hazards, no plausible reason is perceived why he did not specifically so say, especially as the evidence shows that the will was drawn by an attorney at law employed for that purpose. Unless there is stronger reason for the conclusion that such an intention on the part of the testator is implied from all the terms of the will than for the conclusion that it is not so shown, then the latter conclusion, which is in harmony with the first paragraph and all other terms of the will, should prevail rather than the former conclusion which necessarily would result in ambiguity in the terms of that instrument.

When the will is construed as a whole we do not think it can be said that it shows an intention on the part of the testator to impose upon the executors the duty to sell real estate left on hand at the expiration of five years and not necessary to pay debts and the sale of which was not necessary to an equitable partition between the beneficiaries, but, to the contrary, we think it appears that he intended to limit the power of the executors to make such sales to the period of five years next succeeding the date of the probate of the will.

Furthermore, we are of opinion that the sale in controversy should be held invalid because a part of the consideration therefor was on credit. "So, trustees for sale must conform to their powers in other respects. If they are authorized by the power to sell on credit, they may sell on such credit as they are authorized to give; but, if the power is silent upon the subject of credit, they can not sell upon a credit. This rests upon the general principle that trustees are not authorized to invest the trust funds in promissory notes nor other mere personal securities; nor are they justified in converting the trust property into mere personal promises of anybody. Sales must generally be made for some particular purposes. If they are made for the purpose of distributing the property, the trustee can not make the distribution until he has obtained the money, and it is his duty not to endanger the funds by leaving it upon personal security." 2 Perry on Trusts, section 786a.

"The power to sell land does not of itself imply an authority to sell on credit. The presumption is that the sale is to be made for cash. But when the agent is authorized to sell on such terms as to him shall seem meet he may grant a reasonable credit. An authority to sell on credit, but not fixing the time to be given, implies a power to grant a reasonable time." Mechem on Agency, section 325.

"Power to sell imports a sale for cash. . . . Unless there is some language in the power of attorney justifying the inference that

other than cash sales were contemplated by the parties, a power to sell imports that the sale is to be in cash." 1 Devlin on Deeds, section 370. See also Skaggs v. Murchison, 63 Texas, 353.

While a more liberal rule obtains in construing wills than in the construction of powers of attorney, it is nevertheless true that, aside from powers conferred by the Probate Court, executors have such powers only as are given by the will, and if Wallace and Cave were authorized to sell the land at the time and under the circumstances the sale in controversy was made, then to justify their action in extending credit for four-fifths of the purchase money, with the last payment maturing four years after the date of sale, the conclusion must be reached that it was the intention of the testator, as evidenced by the terms of the will, to confer such a power upon the executors.

In the second clause of the will the testator provided that in the event of a sale of personal or mixed property the trust created should apply only to the "proceeds" and that the purchaser or purchasers should not be required to see to the application of the "purchase money." In the third paragraph it was provided that as fast as any real estate should be· sold the executors should distribute the "proceeds at once." We think this language shows that the word "proceeds" was used in the sense of money, as in the second paragraph he used the term synonymously with "purchase money;" and in directing the immediate distribution of the proceeds of sale of real estate it would be more reasonable to conclude that he meant money which could be partitioned among the beneficiaries without difficulty, than to suppose that he contemplated that such proceeds might consist in part of promissory notes, a partition of which might be difficult. While the term is variable in significance, depending on its context, yet the construction we have applied accords with approved definitions. · It is thus defined in Rapalje & Lawrence's Law Dictionary: "Proceeds . . . The sum, amount, or value of goods, etc., sold or converted into money." The publisher of Words & Phrases Judicially Defined, volume 6, page 5640, says: "The term 'proceeds,' when used in connection with a sale, means a sum of money derived from a sale of property."

It seems to us that a consideration of the will as a whole manifests the intent to provide for a speedy settlement of the estate, subject only to such delay as should be necessary in exercising the five year· period of discretion given to sell lands, and the discharge of the duties having particular reference to the minor grandson. To adopt appellee's construction of the will and engraft thereupon a power to sell, long after the expiration of the five year period and long after the majority of the minor, for a small payment in cash and accept for the remainder the promissory notes of the purchasers maturing at long periods in the future, is to indefinitely prolong the trusteeship and defeat the generally manifested purpose of the testator to have a reasonably prompt settlement and distribution of his estate among the beneficiaries.

For the reasons above noted we conclude that the sale of the property in controversy to Sandford Wilson by Wallace and Cave as

executors was not authorized by the terms of the will, and that judgment should have been rendered in favor of the intervener, as administrator with the will annexed, against all the defendants for the land in controversy and for a cancellation of the deed to Wilson. After the appointment of the intervener as administrator he had the exclusive legal right to sue for a cancellation of the deed and to recover the property in controversy, and after his intervention was filed in this cause the plaintiffs' suit should have been dismissed. .Belt v. Cetti, 100 Texas, 92.

The conclusions above reached render it unnecessary to determine appellants' further contention that if the executors were otherwise empowered to make the sale in controversy that power had been suspended before the attempted sale by reason of the fact that at that time their application to resign their trust was then pending in the County Court of McCracken County, Kentucky.     However, as the record fails to show any action upon the application by that court prior to the attempted sale, it would seem that the contention last mentioned would be untenable.   2 Perry on Trusts, section 474.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered dismissing plaintiffs' suit, and in favor of intervener in his capacity as administrator against all the defendants for the land in controversy, and for the cancellation of the deed described in plaintiffs' petition from Wallace and Cave, as executors of the last will of B. H. Wisdom, deceased, in favor of Sandford Wilson.

Upon the contentions of appellee Wilson, as stated above and more fully set forth in his brief, Justice Speer dissents from the foregoing conclusions by the majority and especially to the judgment rendering the cause upon the ground that the executors were not authorized to make a sale on credit.   He thinks that on another trial the appellees might be able to show, and should be permitted to do so if they could, that a sale of such lands as these on credit was the custom of the country and that the testator had in mind such custom when he wrote the will.

*Reversed and rendered.*

Writ of error refused.