## No. 9697.

KINGSBURY & CO. v. RIVERTON-WYOMING REFINING CO.

1. WORDS AND PHRASES—*"Proceeds."* The word must be ·interpreted from the context of the writing in which it is used, and the circumstances of the case.

2. CONTRACTS—*Construed.* "Proceeds", in a contract providing "on the basis of 60 per cent net to the treasury of your company of all stock sales," construed to mean money paid for stock.

3. *Recovery under.* But a broker under such a contract, where he is to receive 40 per cent of the "proceeds", is not prevented from recovering for the value of his services, if any, for the sale of stock issued in payment for property or services.

4. DEBTOR AND CREDITOR—*Indebtedness.* A creditor can not lawfully pay himself with a debtor's money without the debtor's consent and when a debtor delivers him money for a purpose which negatives the idea of payment, the creditor's control is limited to the purpose declared.

5. CORPORATIONS—*Transfer of Stock.* Officers of corporations in transferring shares of stock and issuing certificates, act in a ministerial capacity.

*Indebtedness to.* Officers cannot appropriate the shares of ·a stockholder of record, who chances to be indebted to the corporation; they can reach his interest only by statutory proceedings, and a refusal to transfer the shares at the request of the stockholder has been held a conversion.

6. DAMAGES. A stockholder in a corporation is entitled to at least nominal damages for the refusal of the officers to transfer his stock as requested.

*Error to the District Court of the City and County of Denver, Hon. C. J. Morley, Judge.*

Mr. J. W. KELLEY, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

PLAINTIFF in error brought suit against the defendant in error for an accounting, under a contract between the

parties, by which the plaintiff undertook to sell the capital stock of said company in consideration of 40% of the proceeds received from all stock sales. Plaintiff claimed that he was entitled to a credit equal to 40% of the value of certain lands, and other property, taken in exchange for stock.

For a second cause of action, he claimed a right to recover the amount of a check which he had given to the company for stock, which he had sold to one Carwin, which check the company accepted and cashed without delivering the stock certificate.

For a third cause of action, plaintiff alleged that he has been damaged by the refusal of defendant to transfer to his vendee certain shares of stock, which he owned.

Defendant, by answer, denied that there was anything due to the plaintiff on the first cause of action. In answer to the second cause of action, the defendant admitted that the plaintiff paid to the defendant the sum of money in the complaint alleged; and that the plaintiff requested the issue of a certificate for said money; and alleged that thereafter a certificate issued as requested, which was retained by the defendant as collateral security for a promissory note of said Carwin, then held by defendant.

In answer to the third cause of action, defendant denies that it has in its possession any capital stock belonging to plaintiff, alleging that the stock in question had been levied upon by virtue of a writ of attachment, which writ was still in force.

On the first cause of action, the court found for the defendant. On the second cause of action, a non-suit was entered. On the other causes of action, only one of which is material to this decision, the court found for the defendant. On the defendant's cross-complaint the court found in its favor in the sum of $4,305.03 which, with interest, amounted to $4,654.00, for which sum judgment was entered in favor of the defendant. Plaintiff brings error. There is no appearance for the defendant in error.

It is insisted that plaintiff in error is entitled to a com-

mission of 40% on certain shares of stock issued by the company under contracts, made by him, for land and other property; this for the reason that the word "proceeds", used in the plaintiff's proposition, should be interpreted as including whatever was received in payment for stock. The rule is, that the word must be interpreted from its context and the circumstances of the case. Plaintiff's proposition, which, having been accepted, he makes the basis of his claim, was an offer to sell stock for the company. "On the basis of 60% of the proceeds net to the treasury of your company on all stock sold at One Dollar per share and less, we to pay all costs of selling, including advertising, printing, postage, etc., and your treasury to receive the full 60% of the proceeds of such sale. This arrangement to continue until the stock shall reach the market price, and is sold at One Dollar per share. But it must be understood and agreed that if thereafter stock shall be sold by us at more than One Dollar per share, the balance over and above Sixty Cents per share shall belong to us, and that it shall be necessary for us to account to your company for only Sixty Cents a share thereafter." This evidently limits the meaning of "proceeds" to money paid for stock. In *Andrews v. Johns*, 59 Ohio St. 65, 51 N. E. 880, it is held that the term "proceeds" when used in connection with "sale" means a sum of money derived from such sale. To the same effect is *Wisdom v. Wilson*, 59 Tex. Civil App. 593, 127 S. W. 1128. The contract did not cover an exchange of stock for property. This, however, does not prevent the plaintiff recovering for the value of his services, if any, in the sale of stock issued in payment for property or services. Upon a retrial of the cause, he should be permitted to amend his complaint, if he so desires, to present that question and have the matter tried.

The finding on the second cause of action seems to have been made under a mistake as to the evidence, the court stating that plaintiff had testified that he owed Carwin; that the money remitted for the stock was in fact a payment on plaintiff's debt to Carwin, hence Carwin's money.

From this the court concluded that if anyone had a right to recover, it was Carwin. The record does not so show. On the contrary it is clear that Carwin owed plaintiff, but that fact is not important. Whether plaintiff paid defendant his own money to get shares for Carwin, or money due to Carwin on earned commission, upon which question the testimony is not clear, is immaterial. It was paid with specific directions for its application, and the defendant had no right to apply it in any other way. The person making payment has the right to direct its application. "A creditor cannot lawfully pay himself with the debtor's money, without the debtor's consent, either express or implied; and when the debtor delivers his money for a purpose which negatives the idea of payment, the creditor's control is limited to the purpose declared." *D. H. & S. W. R. R. Co. v. Smith,* 50 Mich. 112, 15 N. W. 39.

When plaintiff sent the money to defendant he directed it to be applied in payment for shares, a certificate for which was to be sent him. Under those circumstances, the defendant was bound either to issue the certificate and deliver it, as requested, or to return the money remitted in payment therefor. The court found for defendant on the third cause of action, on which damages were sought because of the defendant's refusal to transfer shares owned by the plaintiff. We find no evidence whatever to support this finding. The answer admitted that plaintiff was the owner of 22,464 shares, but alleged that a writ of attachment was levied upon said stock on September 5, 1918. The plaintiff in the attachment suit was the president of the defendant corporation.

Plaintiff's undisputed testimony was that long before the attachment he demanded that the shares be transferred to two persons named, to whom he had agreed to transfer them; that the defendant then refused to make such transfer; and that suit was brought against him by said purchasers for failure to transfer the stock to them as agreed.

Officers of corporations in transferring shares and issuing certificates act in a ministerial capacity. *Valley View Min-*

*ing Co. v. Whitehead,* 66 Colo. 237, 180 Pac. 737. They cannot appropriate the shares of a stockholder of record, who chances to be indebted to the corporation, unless the corporation has, by charter or authorized by-law, a lien for the debt. They can reach his interest only by pursuing the statutory proceedings, the same as is required of other creditors. When requested by the owner of shares to transfer them they must follow his instructions. The shares were the property of plaintiff, and refusal to transfer them on his request was a violation of his rights. Such refusal has been held a conversion. *Gorham v. Massillon Iron Co.,* 284 Ill. 594, 120 N. E. 467. The plaintiff was entitled, in any event, to nominal damages. The finding against him on that issue was error.

Except as to the matters above discussed, there is no complaint of the findings of the court. On the matter of the accounting, it will not be necessary to take further evidence on a retrial of the cause. Plaintiff is entitled to recover on the second cause of action, and to have determined what actual damages he suffered by the defendant's refusal to transfer his stock, as well as for the value of his services in any sales of the shares, made by him, and paid for by property.

The judgment is reversed with directions for further proceedings in harmony with the views herein expressed.

Chief Justice Garrigues and Mr. Justice Burke concur.