Henderson v. Ryan.

R. L. C. HENDERSON AND ANOTHER V. SARAH RYAN.

Under the statute of wills of this State, a will is to be understood to speak from the death of the testator; and whatever estate he then possessed must be held to pass according to its terms.

By the statute of wills of this State, a general devise of real and personal estate will embrace all the estate, real and personal, possessed by the testator at the time of his death.

Previous to the repeal of the law of forced heirship, a testator who had no forced heirs made his last will and testament, by the specific and residuary bequests of which he devised the whole of his estate away from his wife. He survived until after the repeal of the law of forced heirship, having acquired property both real and personal subsequent to the date of the will: *Held*, that the will made a valid disposition of the whole estate belonging to the testator at the time of his death, which estate consisted of his separate property, and of his portion of the community property; that his debts were chargeable on the whole of the community property; that a bequest of money made in the will was payable out of the testator's portion of the community property remaining after the payment of his debts; and that the balance of his portion of the community property went to the residuary legatee by virtue of the will, and did not inure to the surviving wife by right of survivorship or otherwise.

If, by abandonment of her husband, or otherwise, the wife of the testator had forfeited her interest in the community, she was not entitled to any part of the estate. If she had not forfeited her interest, she was entitled to one-half of the community property remaining after the payment of the testator's debts.

APPEAL from Anderson. Tried below before the Hon. R. A. Reeves.

This suit was instituted by the appellee, surviving wife of James C. Ryan, deceased, against Rachel L. C. Henderson and Addison Ryan, to cancel and set aside a certain paper probated by the defendants as the last will and testament of said James C. Ryan, deceased, and to recover of the defendants the property of which said James C. Ryan died possessed.

The defendants set up the will of the said J. C. Ryan; and under its provisions, which are sufficiently recited in the opinion

of the court, they claimed all of the property of the estate, consisting of three negroes, two tracts of land, horses and other live stock and personal effects. Among the various matters alleged in their answers, it was charged that the plaintiff, in the year 1853, without cause, abandoned her husband, the said James C. Ryan, and had refused to live with him again, and thereby had forfeited any interest she might otherwise have had in the estate. They further charged that in 1851 James C. Ryan, and the plaintiff, his wife, in Tennessee, made a division of property, and that said Ryan settled upon a trustee for the separate use of his said wife some ten thousand dollars worth of property, retaining for himself only about one-fourth as much; that the plaintiff did not offer to bring this property into the estate for distribution, but retained and purposed to retain it; that this division of property was made with the express agreement that each party was to take the property assigned to them for their separate use, and with full power of disposing of it by will, and that if the plaintiff repudiated the will she was bound to bring in the property received by her under the division.

Special issues were submitted to the jury, under which and the evidence adduced, they found that James C. Ryan, deceased, and the plaintiff were married in the year 1835, in North Carolina, and that the common law was in force in that State; that the will in question, dated February 22d, 1855, was the last will and testament of James C. Ryan, deceased; that he died in 1857, in Anderson county, Texas, leaving no children; that, including the three negroes bequeathed in the will, he left at his death personal property and credits amounting to $3584 40, all of which, except the negroes, were acquired by him after the date of the will; that at the date of the will he had no real estate, but was possessed at his death of interests in land to the value of $3050, the rents and profits of which were of the annual value of $150; that the hires of the three negroes were worth $600 per year; that the negroes were the separate property of the testator, but all the remainder of the estate was community property; that all of the property was in the possession of the defendants; that the testator and his wife, the plaintiff, separated by mutual con-

sent, in the year 1853, while residing in Tennessee, but that the evidence did not disclose which party was in fault, or why the plaintiff did not come to Texas with her husband, the testator, in 1854; that in 1851 there was a division of property between the deceased and the plaintiff, under which slaves and other property and credits were settled by deed of trust on the plaintiff, to the value of nearly ten thousand dollars, and that the plaintiff received the same in full satisfaction and in discharge of her right to all the property retained by her husband at that time, but not to property acquired by him after that time; that all the property except the negroes pertaining to Ryan's estate was acquired by his individual exertions in Texas; that his indebtedness was $368, which had been paid by the defendant, Rachel Henderson, as executrix of his will, leaving on hand $201; that the executrix had delivered over to Addison Ryan, the residuary legatee, all of the personal effects to which he was entitled under the will; and that the plaintiff had not brought or offered to bring into the general property of the estate the property settled upon her by the deed of trust aforesaid, but still retains the same.

Upon this finding of the jury, the court decreed that inasmuch as the three slaves were acquired by the testator before his removal to Texas, his devise of them to the defendants is sustained, and the will established as to said slaves; but that as to the bequest of five hundred dollars, there is no fund out of which it can be satisfied. That inasmuch as the remainder of the property was acquired in and after the removal of the testator to Texas, it was to be taken as community property of the testator and his surviving wife, the plaintiff, and as liable to the payment of the debts of the deceased; that there being no child or children, the plaintiff was entitled to the community property remaining after payment of the debts. The defendants were decreed to deliver and account to the plaintiff for the community effects, or on their default, the plaintiff should recover their value. The cause was retained on the docket to await a report which the defendant, Henderson, was required to make at the next term, of her acts as executrix and the condition of the estate.

Upon various grounds not necessary to specify, both parties

moved for a new trial, and the defendant also in arrest of judgment; but the motions were overruled, and exceptions taken.

At the Fall Term, 1859, the report of the executrix being rendered, further proceedings were had, and a final decree entered in accordance with the interlocutory one.

The defendants again moved for a new trial, because of newly discovered evidence, and for other causes, but their motion was overruled, and they appealed.

*Donley & Anderson*, for the appellants.

*T. J. Word*, for the appellee.

BELL, J.—The judgment of the court below seems to have been founded on the opinion that the will of James C. Ryan was inoperative as to all the property, real and personal, acquired by him subsequent to its date. The will contains the following provisions:

" I will and bequeath my negro boy, Joseph, to Rachel L. C. Henderson, and five hundred dollars in money."

" Thirdly, I will and bequeath to my brother, Addison Ryan, my negro man, Sam, and my negro man, Jim, and all the balance of my property and effects."

The estate of the testator consisted of the three negroes named, which were owned by him prior to the date of the will; and of land and personalty acquired after the date of the will. The court adjudged, upon the verdict of the jury, that the bequest of the three slaves was valid, and passed the title to Mrs. Henderson and Addison Ryan; but that the remainder of the estate, real and personal, was the community property of James C. Ryan and his wife, Sarah Ryan, and that upon the death of James C. Ryan, without children, the surviving wife was entitled to the whole of the said community, after the payment of debts. This was error. The testator had no forced heirs at the time of the execution of the will, and he survived until our former law of forced heirship was repealed. He, therefore, had the right to dispose of his whole estate by last will and testament. The will must be understood to speak from the time of the testator's death, and whatever estate

43*

he then possessed must be held to have passed according to its terms.

It is true that by the English law prior to the statute 1 Victoria, c. 26, a testator could not devise lands of which he was not seised at the time of making the will; but the rule of the English law was different as to personalty; and a gift of the whole of the testator's personal estate passed all the personalty which he might happen to possess at the period of his death. The construction of wills in these respects was regulated in England by the statute of 1 Victoria, c. 26, the 24th section of which provides "that every will shall be construed, with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." Some of the American States have similar statutes, and in others the subject is left to judicial determination. We are of opinion that by the statute of wills of this State, a general gift of real and personal estate, will embrace and pass all the estate, real and personal, possessed by the testator at the time of his death.

The will of James C. Ryan was, therefore, effectual to pass the whole of his estate, real and personal, possessed by him at the time of his death. The court below did right, therefore, in enforcing the bequest of the slaves to Mrs. Henderson and Addison Ryan. The court below ought also to have proceeded to charge the debts of the testator upon the whole of the community; and out of the testator's portion of what remained of the community after the payment of debts, the bequest of five hundred dollars to Mrs. Henderson ought to have been satisfied, and the balance of the testator's portion of the community ought to have been decreed to Addison Ryan in accordance with the terms of the will. We do not think it proper to discuss the question, whether the appellee, Mrs. Sarah Ryan, has forfeited her community rights. If she has, then she can recover nothing; if she has not, of course she can recover one-half of the community property after the payment of the testator's debts. This question may not arise upon a future trial, and we therefore forbear to discuss, for the present, what circumstances will be sufficient to deprive a wife, living apart

from her husband, of her community interest in property acquired by him in this State, after their separation. The former decisions of this court on this subject are known to the counsel. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.