## BUCKLEY v. HERDER.†

(Court of Civil Appeals of Texas. Dec. 13, 1910. Rehearing Denied Jan. 5, 1911.)

1. INFANTS (§ 11*)—REMOVAL OF DISABILITIES—PROCEEDINGS.

The function devolving on district courts in proceedings to remove the disabilities of a minor is a special authority to the judge as a commissioner, and not to the court, and no such presumptions are indulged in favor of the order in such proceedings in case of collateral attack as in favor of an ordinary judgment.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 12; Dec. Dig. § 11.*]

2. WILLS (§ 418*)—PRESUMPTIONS IN FAVOR OF VALIDITY—ADMISSION OF WILL TO PROBATE.

It is presumed in favor of a judgment of a probate court admitting to probate the will of a minor that the court found that the minor lived in the county in which proceedings were had, and judgment rendered in the district court, for the removal of the disabilities of the minor.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 901; Dec. Dig. § 418.*]

3. WILLS (§ 440*)—CONSTRUCTION—INTENTION OF TESTATOR—MEANING OF LANGUAGE.

In interpreting a will, every effort is to be made to determine the intention of the testator from all the provisions taken together, disregarding arbitrary rules of construction, and the intention, thus ascertained, if lawful, must be carried out.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956; Dec. Dig. § 440.*]

4. CONTRACTS (§ 170*)—CONSTRUCTION—PRACTICAL CONSTRUCTION BY PARTIES.

In ascertaining the meaning of an instrument, the construction by the parties by their conduct is important.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 753; Dec. Dig. § 170.*]

5. WILLS (§ 76*)—PERSONS ENTITLED—EFFECT OF WILL.

Where a will contained no devise or bequest, but only defined the duties of the executor and guardian of the children of testatrix, the property descended under the statute of distribution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 195; Dec. Dig. § 76.*]

6. GUARDIAN AND WARD (§ 20*)—MANAGEMENT OF PROPERTY—POWERS UNDER WILL.

A will appointing one as executor and guardian of the children of testatrix, and directing him to take charge of her children and worldly effects, and, after her debts were paid, to raise and educate her children as if they were his own, and making no devise or bequest, gave him no power to hold the estate as an entirety after the older children became of age or married till the youngest was raised and educated, appropriating to the support of the youngest whatever portion of the inheritance of the others might, in his judgment, be proper.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 20.*]

7. GUARDIAN AND WARD (§ 11*)—SUPERVISION BY COURT—PROVISION IN WILL.

A provision of a will after appointing one executor and guardian of the children of testatrix that the courts shall have no further control or jurisdiction than to probate the will, if intended to provide that he should not as guardian be subject to the jurisdiction of the courts, must fail for want of power in the testatrix.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 34–39; Dec. Dig. § 11.*]

8. GUARDIAN AND WARD (§ 137*)—ACCOUNTING—PERSONS ENTITLED.

Where one named in a will as executor and guardian of the children of testatrix took oath of both offices on admission of the will to probate, and, after affirmance of the judgment admitting the will to probate, renewed the oath as guardian, but not as executor, having probably paid the debts out of cash on hand, and took possession of the property as guardian, and lent out money, taking notes payable to himself as guardian, and in this capacity sued to collect them, he was acting as guardian, and as such was liable to account to the executor of one of the children.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 137.*]

Appeal from District Court, Fayette County; L. W. Moore, Judge.

Action by M. E. Buckley, as executor, against George Herder, as guardian. From a

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error granted by Supreme Court.

judgment for defendant, plaintiff appeals. Reversed and remanded.

John T. Duncan, for appellant. Brown & Lane, for appellee.

REESE, J. M. E. Buckley, appellant, instituted proceedings in the county court of Fayette county to require George Herder, appellee, to return an account of his administration of the estate of Emelia Vrana, of which it was alleged he was guardian. It was alleged that the said Emelia was dead, and that she had left a will, duly probated, in which Buckley was named as executor, and he had duly qualified as such. The county court held that Herder was not required to account, and gave judgment against Buckley, from which an appeal was duly prosecuted to the district court. Buckley, executor, also instituted an original suit in the district court for the same purpose. The appeal from the county court and the original action in the district court were consolidated, and a trial of the consolidated cases without a jury resulted in a judgment for the defendant, in substance and effect upholding the judgment of the county court. This appeal is prosecuted from the judgment of the district court.

The appeal presents two questions: First, the validity of the will of Emelia Vrana and of Buckley's authority as executor; and, second, the construction of the will of Mrs. Rosalia Vrana, the mother of Emelia, upon the issue as to whether under the will, and the proceedings in the court thereunder, Herder held the property as the executor of Mrs. Rosalia Vrana, or as guardian of her three children, of whom Emelia was one. The validity of the will of said Emelia, who was under the age of 21 years at the date of its execution, depended upon the validity of a judgment of the district court of Bexar county, removing her disabilities of minority. The trial court held that the judgment removing the disability of minority of Emelia Vrana was void upon grounds hereafter stated, and, upon the question of the construction of Mrs. Vrana's will, held that Herder held the property left by her as executor, and was not liable to account as guardian.

The undisputed evidence establishes the following material facts: "Mrs. Rosalia Vrana, widow, a resident of Fayette county, Tex., was possessed of an estate valued at about $12,000 in real and personal property, the real estate being the homestead upon which she lived with her three children, and the personal property consisting of cash and notes and accounts and an insurance policy on her life for $2,000. On February 19, 1901, Mrs. Vrana executed her will, and on February 25th died. The will was duly probated by the county court of Fayette county. The will is as follows, omitting a statement contained therein as to her property:

"The State of Texas, County of Fayette. Know all men by these presents that I, Ro-salia Vrana of the County of Fayette and State of Texas, being of sound mind and of disposing memory, but knowing the uncertainties of this transitory life, and desiring to arrange and settle my worldly affairs, while I yet have strength & ability so to do, do make, publish and declare the following to be my last will & testament hereby revoking any and all wills by me at any time heretofore made, to wit:

"I by these presents do nominate and appoint my friend George Herder of Weimer, Colorado County, and State of Texas, the executor of my estate and guardian of my three children, Emelia Vrana, age 14 years old, Cecelia Vrana, about 13 years old, and Victoria Vrana about 8 years of age, these are the names and ages of my three children, and all I have living. I desire & wish that the said George Herder shall take charge of my children and my worldly effects after my death, and after my just debts are paid to arrange and manage my affairs, and raise and educate my children as if they were his own, with the limited effects that may be left at his disposal, and that the said Herder as the said executor of my estate and guardian for my children shall not be required to execute or give any bond as such executor or guardian, and that the courts of the land shall have no further control or jurisdiction other than probate this my last will and testament."

Mrs. Vrana left surviving her the following children: Emelia O. Vrana, aged, at her death, 14 years; Cecelia, 13 years; and Victoria, 8 years. Cecelia died intestate and unmarried. On February 28th appellee offered the will for probate, and prayed that he be appointed executor and guardian of the persons and estates of the three children. Later C. J. Benes filed in the same court his application to be appointed guardian of the persons of the minors. These cases were consolidated, and, upon hearing, the will was admitted to probate, and appellee was appointed independent executor without bond and guardian, also without bond, of the estates of the children, and Benes was appointed guardian of their persons. From these orders Herder appealed to the district court, and, upon hearing in that court, the will was established and ordered probated, and appellee was appointed executor and letters testamentary ordered to be issued to him upon his taking the oath required by law, and guardian of the persons and estates of the three children without bond, and that letters of guardianship issue to him upon his taking the oath required by law. After the rendition of the judgment in the probate court and before the hearing of the appeal, appellee took the oath as executor and also the regular statutory oath as guardian of the estates of the minors. After the rendition of the judgment of the district court, he took the statutory oath as guardian of the persons and estates of the minors, but did not again

take the oath as executor. In January, 1902, he filed an inventory of the property of the estate of Mrs. Vrana and list of claims. Appellee fully administered the estate by collecting debts due it and paying all claims against it. The estate owed no debts except possibly funeral expenses and expenses of last sickness and other small amounts, and there was on hand cash enough to pay all claims. Appellee lent money in his hands, taking notes payable to himself as guardian, and afterwards instituted suit to recover the same as guardian. He never filed any account as guardian. On June 28, 1905, Emelia Vrana, being over the age of 19 years, made application in due form to the district court of Bexar county for the removal of her disabilities of minority, and on the same day by judgment of said court her disabilities were removed. The proceedings in this case were all regular, and in accordance with law, on their face. The trial court found that they were void on the ground that Emelia Vrana was not at the time a resident of Bexar county, and the court therefore had no jurisdiction. We have examined the evidence on this point very carefully, and our conclusion is that the undisputed evidence shows that at the date of this judgment she resided in Bexar county. On September 12, 1905, Emelia Vrana executed a will, in which appellant was appointed executor, without bond. She died on December 9, 1906, and on January 25, 1907, this will was duly and regularly admitted to probate and letters testamentary duly issued to appellant. In the judgment of the district court removing the disabilities of minority of Emelia Vrana, it is recited that evidence was heard in support thereof, and that it appeared that she was a resident of Bexar county. The petition, which is sworn to by her, alleges that she is a resident of Bexar county. In the order probating the will it is recited that at and before her death her residence was in Bexar county, and that "deceased was 19 years of age on the 21st day of June, 1905, that on June 28th, 1905, the district court of Bexar county * * * made and entered a decree in behalf of said Emelia Vrana removing the disabilities of her minority, so that she became henceforth and was at the making of said will of age," etc.

Without discussing the assignments of error and the propositions thereunder in detail, we will address ourselves, first, to the ruling of the trial court that at the time of the removal of the disabilities of Emelia Vrana she did not reside in Bexar county, and that consequently such judgment was void: that, therefore, she had not legal capacity to make a will, and the order of the probate court admitting the instrument denominated her will to probate as such and appointing appellant executor was also void. We have found as a fact from the undisputed evidence that Emelia Vrana was a resident of Bexar county at the time of the removal of her disabilities, but we do not rest our legal conclusion as to the validity of this judgment upon this ground alone. We are fully aware of the principle laid down in Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 841, that the function that is devolved upon the district courts in such proceedings is a special authority conferred upon the judge as a commissioner and not upon the court itself, and that no presumptions are to be indulged in favor of the regularity of the order. It is intimated in the opinion in that case that it is incumbent upon one relying upon such order to show that the statute has been followed, and not upon the other party to show the contrary. See, also, Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 899. So we cannot agree with appellant that this judgment, in case of collateral attack, is entitled to the same presumptions in favor of its validity as ordinary judgments of a court. But, taking this view of the matter, we must presume that the probate court took the same view, and that, before this judgment could be considered as establishing the right of Emelia Vrana to make a will, it was the duty of the court to find affirmatively, not only that the order in question had been made, but that the district court had jurisdiction to make it; that is, that Emelia Vrana was at the time a resident of Bexar county. And so we must presume in favor of the validity of the judgment of the probate court admitting the will to probate that that court found independently of the recitals in the judgment removing the disabilities that Emelia Vrana was at the time a resident of Bexar county. The probate court in effect found that this was a valid judgment "removing the disabilities of minority." This the court could not properly find except upon evidence outside of the recitals of the judgment itself, and this finding of the probate court essential to its own jurisdiction cannot be collaterally assailed. Our conclusion is that the learned trial judge was in error in denying the authority of appellant, as executor of the will of Emelia Vrana, to institute these proceedings. The question is properly presented by appropriate assignments of error which must be sustained.

But it is upon the second question arising from the construction of the terms of the will of Mrs. Rosalia Vrana that we find the main difficulty, and it is to this question that the entire brief of appellee is addressed. The trial court found as conclusions of law that Herder was the guardian of the estate as well as the persons of said minors, but that his guardianship was controlled by the provisions of Mrs. Vrana's will, which excluded the jurisdiction of the probate court, and therefore the probate court was without authority to compel an accounting in that court. The court further held that the will of Mrs. Vrana did not pass the title to the property of her estate to the trustee (Herder), but that the same passed by inheritance

to her three children, subject to be held, controlled, and used by Herder for the purpose of executing the provisions of her will as to her family; that her family was to be treated as one family, and her property to be held and managed by Herder as he would his own for the purpose of raising and educating the children; and that Emelia Vrana, if living, could not take the property, or any part of it, from Herder until all the children of Mrs. Vrana were raised and educated, and that the judgment of Herder alone, in the absence of fraudulent conduct on his part (of which, we cheerfully concede, there is no evidence), is to determine as to what portions of the property he will keep and use and as to how he will use it for the benefit of the survivor, Victoria Vrana. In short, the court eliminates the guardianship of the estates of the children, and holds that under the will Herder is to hold the property as an entirety, as trustee, for the purpose of raising and educating all the children, and for the benefit of the youngest of them until her raising and education is complete. No principle of law is better settled than that, in interpreting the terms of a will, every effort is to be made to discover the intention of the testator, that in arriving at this end all the provisions of the instrument are to be taken together, and that arbitrary rules of construction are not to be indulged. McMurray v. Stanley, 69 Tex. 233, 6 S. W. 412. The intention of the testator, when thus ascertained, if lawful, must be carried out. Where, then, the intention of the testator is to be gathered from expressions in the will which are in any way of doubtful import, courts always act with hesitation lest by some misinterpretation of the language used by the testator, or by giving to the same a meaning not intended, the will be made to express a different intention from that in the mind of the testator. The learned trial judge in this case evidently was impressed by this idea, but we cannot agree with his conclusion as to Mrs. Vrana's intentions as the same are expressed in this instrument.

The will appoints appellee guardian of the estate of the children. She must be understood as meaning something by this provision. Yet, if we accept the court's construction of the will, this officer was entirely without either rights or duties, at least so far as the two older children were concerned, as appellee was to hold the property as an entirety, as trustee or executor, until the younger was raised and educated. There was no necessity for a guardian of their estates. In fact, appellee insists in his brief that his appointment as guardian of the estates of the children and his taking the oath as such was an idle formality. In ascertaining the meaning of any instrument, it is always important to find out how the parties themselves construed it as shown by their conduct in regard thereto. Looking to appellee's conduct, there can be little doubt that he considered that his most important duties were as guardian of the estates of these children. He shows this by taking the oath of such guardian, both after the judgment of the county court and after the decision of the appeal by the district court. The debts having been probably promptly paid out of the cash on hand, he did not think it necessary to qualify as executor after the decision of the appeal by the district court. He proceeded to lend out the money, taking notes payable to himself as guardian, and in this capacity instituted suit to collect them. If he was guardian, it was his duty as soon as the debts were paid, and there was no longer any necessity to continue his executorship, to take charge of the property as guardian, and this he proceeded to do. The will did not, in fact, contain any bequest or devise of the property, and the court properly finds that it descended to the children under the statute of descent and distribution. If this be true, it descended to them in equal shares. We can find nothing in the will that gives to appellee the extraordinary power to deprive either of these children of any part of her inheritance by holding it all as an entirety after the two older ones became of age or married, and until the youngest was raised and educated, and appropriating to the support of the youngest whatever portion of the inheritance of either of the elder ones might in his judgment be proper. Such power is entirely inconsistent with the rights of the older children. These are most extraordinary powers to be conferred upon an executor, and, if such had been the intention of the testatrix, we are forced to think that there would have been some expression of such intention by whomsoever the will may have been drawn. The testatrix is careful to provide that appellee should not be required to give bond either as executor or guardian. This she had a right to do. She provides that "the courts of the land shall have no further control or jurisdiction than to probate this my last will and testament," apt words to make appellee an independent executor. If it was the intention also to provide that appellee should not be subject to the jurisdiction of the courts as guardian, which is by no means clear, that provision must fail for want of power in the testatrix. The testatrix says in the will: "I desire and wish that the said George Herder shall take charge of my children and my wordly effects after my death, and after my just debts are paid, to arrange and manage my affairs, and raise and educate my children as if they were his own, with the limited effects that may be left at his disposal." All of this, except to raise and educate the children "as his own," he was required to do as guardian. In order to effectively carry out the expressed purpose of the will, it is not necessary that appellee do more than pay off the the debts as executor, and then take charge of the persons and estates of the children as guardian,

and proceed to the discharge of his duties as such under the law. There is nothing in any of the provisions of the will inconsistent with this, and this preserves the rights of the children and each of them to their inheritance. Appellee was a friend of the testatrix. She very probably consulted him before imposing upon him this heavy responsibility, and it is exceedingly probable that it was in pursuance of his knowledge of her intention that he qualified and proceeded to act as guardian of the estates of the children. Such construction of the will is reasonable. That adopted by the trial court is, we think, very unreasonable, vesting in the executor extraordinary powers seriously infringing upon the rights of the children as equal heirs to the property, for which we can find no warrant in the language used. We conclude that appellee must account for the portion of the estate belonging to Emelia Vrana, as her guardian, and that the prayer of plaintiff's petition should have been granted.

It is proper that we should say that the trial court finds that appellee has administered the property with scrupulous fidelity to the trust, as he understands it, and this is not denied by appellant.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.