**VERHALEN et al. v. KLEIN et al.**
(No. 10900.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 13, 1924.)

1. **Pleading** ⬅➡214(1)—Facts alleged in petition and arising therefrom accepted as true on general demurrer.

In considering petition on general demurrer, facts alleged therein and arising therefrom by reasonable intendment will be accepted as true.

2. **Wills** ⬅➡448—Presumption against intestacy generally indulged.

Generally speaking, in the construction of a will the court will indulge presumption against intestacy.

3. **Wills** ⬅➡481—Generally, will speaks from testator's death.

Generally, a will speaks or takes effect on the death of the testator.

4. **Wills** ⬅➡448—Testator's actual intent not controlled or changed by presumption against intestacy.

Presumption against intestacy cannot control or change actual intent of the maker of the will.

5. **Wills** ⬅➡481—Construed as of date in ascertaining testator's intent.

In ascertaining testator's intent, will is to be construed as of its date.

6. **Wills** ⬅➡470—Construction rules give way to testator's intent, if ascertainable from instrument as whole.

All rules of construction must give way to testator's intent, if such can be ascertained from the words of the will as a whole.

7. **Wills** ⬅➡470—Harmony in will as whole preferred to construction rendering it ambiguous.

Harmony in will as a whole is to be preferred rather than construction rendering its terms ambiguous or uncertain.

8. **Wills** ⬅➡448—To defeat statutory descent and distribution testator's intent should be reasonably clear.

Before rights conferred by Rev. St. art. 2469, as to descent of community estate of inheritance, in case of intestacy, can be defeated or suspended, it should be reasonably clear that the testator so intended.

9. **Wills** ⬅➡482—After-acquired land held not subject to life estate devised by mutual will to surviving spouse.

Mutual will devising to survivor life estate in "all our estate and property, of every description," devising described property in remainder, and containing no residuary clause, *held* to vest in surviving spouse life estate only in community interest of deceased spouse to the particular land specified in the will, and not in after-acquired property, as to which deceased spouse died intestate.

Appeal from District Court, Clay County; Paul Donald, Judge.

Suit by Mrs. Maggie Verhalen and others against Mrs. Barbara Klein and others. From an order of dismissal, plaintiffs appeal. Reversed and remanded.

Wantland, Dickey & Glasgow, of Henrietta, for appellants.

H. M. Muse and R. Donley Suddath, both of Henrietta, for appellees.

CONNER, C. J. In this suit the appellants, Mrs. Maggie Verhalen and others, sued Mrs. Barbara Klein and others, to recover possession and for partition of certain alleged undivided interests in certain tracts of land described in their petition. The defendants, among other things, presented a general demurrer to plaintiffs' petition, which was sustained, and, plaintiffs having declined to amend, the case was dismissed, from which order of dismissal the plaintiffs have appealed.

It was alleged that the plaintiffs and defendants in the court below, with certain exceptions not necessary to specify, were children and heirs of Ludwig Klein, deceased; that Ludwig Klein and his wife, Barbara Klein, one of the defendants, executed a joint will on the 21st day of May, 1915; that the testator Ludwig Klein died on the 8th day of February, 1919; and that the lands described in the petition had been acquired by Ludwig Klein subsequent to the date of the execution of said will, and had not been disposed of by that instrument, and the object of the suit was to recover from Barbara Klein, the surviving wife, and other defendants the plaintiffs' share of the community interest of Ludwig Klein in such subsequently acquired lands. It appears from the allegations of the petition that the will has been duly probated, since which time Barbara Klein has retained possession and received the rents and profits arising from the lands in question.

The sufficiency of plaintiffs' petition depends upon the proper construction of the will referred to. It was attached as an exhibit to the plaintiffs' petition, and reads as follows:

"We, Ludwig and Barbara Klein, husband and wife, of Clay county, Texas, being of sound and disposing mind, memory and understanding, in view of the uncertainty of human life, and for the purpose of making the best disposition of our worldly affairs, do hereby publish and declare this our last will and testament, revoking all former wills, if any by us heretofore made.

"It is our wish and desire that the survivor, Ludwig or Barbara Klein, as the case may be, shall have all our estate and property, of every description, real, personal and mixed, to be used, occupied and enjoyed during the life of such survivor, he or she as the case may be. After the death of survivor the estate is to be divided among our children as hereinafter directed.

"1st. We direct that all our just debts and funeral expenses shall be paid.

"2nd. Our son John, is to receive six hundred ($600.00) dollars.

"3rd. Our son Adam, is to receive twenty-five ($25.00) dollars.

"4th. Our son Louis, is to receive the following land, 20 acres off of the south side of the south-west quarter section two, S. A. & M. G. R. R. Co. survey, 20 acres Mark Haley survey and 260 acres out of Joseph Evans survey adjoining the above named tracts on the south.

"5th. Our sons Carl and Leonard and our daughter Mary, are to receive jointly the following lands: The home place of 202 acres, the 160 acres north, and the 160 acres west of, and adjoining the home place, these tracts being out of the S. A. & M. G. R. R. Co. surveys 1 and 2, 23 acres Mark Haley survey 380 acres Joseph Evans survey and 81 acres out of the north-west corner of the J. C. Stewart survey.

"6th. Our daughter Maggie is to receive four hundred ($400.00) dollars.

"7th. Our daughter Mary is to receive separately the 140. 26/100 acres of land out of the Almerson Dickerson survey.

"8th. Our daughter Lizzie is to receive twenty-five ($25.00) dollars.

"9th. Our daughter Katie is to receive twenty-five ($25.00) dollars.

"10th. Our daughter Lillie, is to receive 150 acres of land, off of the west side of a 300 acre tract of land out of the J. C. Stewart survey, the same to be used and enjoyed by her during her life time, after her death to go to her then surviving children, each to share and share alike.

"11. Our daughter Deina is to receive 150 acres of land, off of the east side of a 300 acre tract of land out of the J. C. Stewart survey, the same to be used and enjoyed by her during her life time, after her death to go to her then surviving children, each to share and share alike.

"12. Our daughter Barbara is to receive 182 acres of land, known as the Garrison place, being northwest quarter of section number two, S. A. & M. G. R. R. Co. survey of 160 acres, and 22 acres adjoining it on the north out of the J. W. Black pre-emption.

"13th. All our personal and mixed property, of which we may die possessed, and the proceeds or money derived from its sale, shall be applied in payment of our just debts and in payment of the amounts our sons John and Adam, and our daughters Maggie, Lizzie, and Katie, are to receive from our estate. Should the proceeds so received from this source be insufficient for that purpose (which we have reason to believe they will), then our three sons, Louie, Carl and Leonard, shall jointly pay such deficiency out of their portion of the estate received from us.

"14th. Our sons John and Adam and our daughters Maggie, and Lizzie, have heretofore, during our lifetime received a large portion of their share of our estate, hence the amounts named and given as herein directed shall suffice.

"15th. We hereby nominate, constitute and T. F. Berner, of Clay county, Texas, as our true and lawful executor, of this our last will and testament, without bond or surety of any kind, who shall after the death of survivor, he or she as the case may be, proceed as speedily as possible, consistent with good judgment and discretion to administer over and divide our estate as herein directed.

"16th. We desire that no further action shall be had in any courts of the country, save and except the filing of an inventory of our estate and the probating of this will.

"Witness our hands this the twenty-first day of May, 1915.                    Ludwig Klein.
                                "Barbara Klein."

[1] We have concluded that the court erred in sustaining the general demurrer and in dismissing the suit. In considering the petition on a general demurrer, we must, under well-settled rules, accept as true the facts alleged and those arising therefrom by reasonable intendment. Under the allegations it is clear that at the time of the execution of the will Ludwig and Barbara Klein owned no property, except that which was specified in the instruments, and that the lands in-

volved were subsequently acquired by Ludwig Klein, and constituted community property of Ludwig and Barbara Klein. There is no residuary clause in the will, and hence there is no testamentary disposition of such subsequently acquired lands, unless it should be said, as appellees insist, that by the terms of the first sentence of the second paragraph of the will, Barbara Klein was vested with a life estate therein. But our consideration of the will as a whole has led us to the conclusion that this cannot be properly said.

[2-6] It is true that, generally speaking, the court in construing a will will indulge a presumption against intestacy. And it is also generally true that a will is held to speak or take effect upon the death of the testator. See Haley v. Gatewood, 74 Tex. 281, 12 S. W. 25; Henderson v. Ryan, 27 Tex. 670; Connely v. Putnam, 51 Tex. Civ. App. 233, 111 S. W. 164; 40 Cyc. p. 1424. But the presumption against intestacy cannot control or change the actual intent of the makers of the will. See 40 Cyc. p. 1409; Coleman v. Jackson (Tex. Civ. App.) 126 S. W. 1174; Borland on Wills and Administration, § 116, and authorities cited in note 18. And while, as stated, a will takes effect upon the death of the testator, in ascertaining the intent of the testator, the will is to be construed as of its date. See 40 Cyc. p. 1425; McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; Autrey v. Stubenrauch (Tex. Civ. App.) 133 S. W. 531; Buckley v. Herder (Tex. Civ. App.) 133 S. W. 703. And all rules of construction must give way to the intent of the testator, if it can be ascertained from the words of the instrument as a whole. See Peet v. Ry. Co., 70 Tex. 523, 8 S. W. 203; Hunt v. White, 24 Tex. 652, cited with approval in Peet v. Ry. Co.

[7] What, therefore, was in the mind and the intent of Ludwig and Barbara Klein at the time of using the words in the first sentence of the second paragraph of the will granting a life estate to the survivor of "all our estate and property, of every description, real personal and mixed, to be used, occupied and enjoyed during the life of such survivor, he or she as the case may be"? If we limit the words, "all our estate and property," etc., to the lands described in the will and specifically devised to the sons and daughters, the will presents a harmonious whole, and there would be no need of a residuary clause and no intestacy as to any part of their estate, and harmony in the whole is to be preferred rather than a construction which renders its terms ambiguous or uncertain. Wisdom v. Wilson, 59 Tex. Civ. App. 593, 127 S. W. 1128. If, however, we adopt the construction from the general terms quoted that the life estate also applied to the subsequently acquired lands, we have a will in which the remainder, after the termination of the

258 S.W.—62

life estate, is undisposed of, there being no residuary clause, this creating an intestacy as to such remainder—a result, as already observed, not favored in the law. In this connection it is to be further noted that the executor named in the will, and whose authority must be limited thereto, is only authorized to divide the estate as in the will "directed."

[8] There is no direction to be found in the will whereby the executor may divide the subsequently acquired lands in controversy after the termination of Barbara Klein's life estate, as now insisted upon by appellees. It will be seen also from a consideration of the thirteenth paragraph of the will that the makers disposed of all of their personal and mixed property of which they "may die possessed." No such words as quoted are used in the disposition of their lands. It was also therein provided that, should the proceeds from the personal property be insufficient to pay the just debts of the testators and the case bequests made, then resort should be had to the lands devised to the sons Louie, Carl, and Leonard. Had the makers had in mind the purpose, intent, or probability of later acquiring lands not specifically disposed of in the will, no reason appears why, in event of the possible deficiency in the proceeds arising from the personal and mixed property, resort would not have been made to the lands or real property not specifically devised instead of imposing such a burden upon lands already given to the sons. Under our statute of descent and distribution (article 2469, Rev. Stats.), where persons having title to any community estate of inheritance, real, personal, or mixed, shall die intestate as to such estate and shall leave a surviving wife and children, as in the case before us, the title and right of possession to the realty immediately vests one-half in the wife and the remainder in the children, and we think that, before the rights conferred by the statute can be defeated or suspended, it should be reasonably clear that a testator so intended. See Moss v. Helsley, 60 Tex. 426.

[9] On the whole we conclude that the will under consideration should be construed as vesting in the surviving wife, Barbara Klein, a life estate only in the community interest of her deceased husband to the particular lands specified in the will, and that as to the lands in controversy her deceased husband died intestate, and that hence such lands are subject to disposition as provided in our statute of descent and distribution. It follows that the court erred in sustaining the general demurrer and dismissing the cause, and his judgment so declaring will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.